UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHARLES FREEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>3COMMAS TECHNOLOGIES OU,<br><br>　　　　　Defendant. | Case No.  23-cv-00101-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING AS MOOT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO CONSOLIDATE**<br><br>Re: Dkt. Nos. 18, 19, 29 |

The plaintiffs bring this action against 3Commas Technologies OU, an Estonian company, after they experienced unauthorized trades on their accounts on various cryptocurrency exchange platforms allegedly as a result of 3Commas' failure to adequately protect the plaintiffs' sensitive application programming interface ("API") data.  3Commas moves to dismiss the complaint for lack of personal jurisdiction and failure to state a claim.  The motion to dismiss for lack of personal jurisdiction is **GRANTED WITH LEAVE TO AMEND**.  Although the Court recognizes the plaintiffs' concerns about the harms they have allegedly suffered, due process limits courts' power to hear cases against nonresident defendants to situations where those defendants have constitutionally sufficient minimum contacts with the forum where suit is brought.  Because 3Commas does not meet that standard, the Court must dismiss the suit.  The motion to dismiss for failure to state a claim is **DENIED AS MOOT**.  The motion to consolidate, filed by the plaintiffs in *Lorne Tritt, et al. v. 3Commas Technologies OÜ*, Case No. 3:23-cv-04893-RFL, is also **DENIED AS MOOT**.  The motion to dismiss for failure to state a claim and the motion to consolidate may be renewed at a later phase of the case, if appropriate.  This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the

arguments made by the parties.

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)).  California authorizes its courts to exercise jurisdiction "to the full extent that such exercise comports with due process."  *Id.* (citing Cal. Civ. Proc. Code § 410.10).  Accordingly, "the jurisdictional analyses under [California] state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific."  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).  There is no dispute that the Court lacks general jurisdiction over 3Commas, an Estonian company that does not have its place of incorporation or principal place of business in California. The only issue is whether the plaintiffs have established specific jurisdiction.  They have not.

"When a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for "each claim asserted against a defendant."  *Picot*, 780 F.3d at 1212 (citing *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)).  "If personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists."  *Id.* (citing *Action Embroidery Corp.*, 368 F.3d at 1181).  "There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail[ ] himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice,

2

i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citations and internal quotations marks omitted).  The plaintiff bears the burden of proving the first two prongs, and, upon a successful showing, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would be unreasonable.  *Id.* at 1211–12.

For the first prong, courts generally apply a "purposeful availment" test to claims sounding in contract and a "purposeful direction" test to claims sounding in tort.  *Picot*, 780 F.3d at 1212.  Purposeful direction looks at "whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there," whereas purposeful availment "is satisfied when 'the defendant has taken deliberate action within the forum state or . . .  has created continuing obligations to forum residents.'"  *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).  "[B]oth purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."  *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (internal quotation marks and citation omitted).

The plaintiffs assert specific jurisdiction based on purposeful availment.  (*See* Dkt. No. 1 ("Compl.") ¶ 57; Dkt. No. 45 ("Opp.") at 16–19.)  Specifically, the plaintiffs argue for the Court to find specific jurisdiction based on 3Commas' following contacts with California: (1) 3Commas engaged in contractual transactions with California citizens; (2) 3Commas' server is allegedly located in San Francisco, California; (3) 3Commas solicited investors in California; and (4) 3Commas marketed and sold services to California residents.  (Compl. ¶ 57; Opp. at 16–19.)  These proffered contacts, however, are insufficient to support personal jurisdiction over 3Commas for the claims asserted.

First, the plaintiffs contend that purposeful availment exists because 3Commas "engag[ed] in contractual transactions with California citizens, which required the California

plaintiffs to perform the contract in California (provide payment and their API keys)." (Opp. at 16.) But "a contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008). The question is whether the defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023) (simplified). Here, there are no allegations in the complaint or evidence in the plaintiffs' opposition that 3Commas deliberately solicited users in California. Without more, the fact that 3Commas' Privacy Policy contains a section on "California Privacy Rights" does not establish specific jurisdiction. *See Voodoo SAS v. SayGames LLC*, No. 19-CV-07480-BLF, 2020 WL 3791657, at *5 (N.D. Cal. July 7, 2020) ("While these references [to California law in defendant's privacy policy and terms of use] show that [defendant] knew [its mobile game app] might be purchased by California residents, they do not indicate that [defendant] specifically aimed [its mobile game app] at California residents."). Likewise, that the California plaintiffs were allegedly required to "perform the contract" in California is not dispositive, because it is 3Commas' actions that drives the jurisdictional analysis. *See Picot*, 780 F.3d at 1212–13.

Second, the allegations in the Complaint about the location of 3Commas' server are insufficient to find specific jurisdiction. "[D]istrict courts in this circuit have held that the mere location of a third party or its servers is insufficient to give rise to personal jurisdiction." *Hungerstation LLC v. Fast Choice LLC*, No. 19-CV-05861-HSG, 2020 WL 137160, at *5 (N.D. Cal. Jan. 13, 2020) (collecting cases). That "well-known Silicon Valley technology companies host client data from all over the world on servers located in California (and elsewhere in the United States) is pure happenstance," and is not sufficient to show "purposeful direction." *Id.* There are no allegations or evidence that 3Commas made a deliberate decision to locate its server in California. The complaint alleges only that 3Commas' "data server—where Defendant stores, process and delivers data that its customers input on its website—Cloudflare, Inc., is located and headquartered in San Francisco, California." (Compl. ¶ 57.) It is not clear whether

the complaint is alleging that the data server provider is located in California, or the server itself is located in California, but either way, the allegations are insufficient to demonstrate a purposeful decision to locate the data on a server in California.  There is no allegation that 3Commas agreed that Cloudflare would host the data in California, or even knew where the data would be hosted.  *Contrast DEX Sys., Inc. v. Deutsche Post AG*, 727 F. App'x 276, 278 (9th Cir. 2018) (holding that specific jurisdiction existed in part because it "was not merely a fortuitous occurrence" that "the software was located on DEX's California server," as "the software was located on California servers pursuant to an agreement reached by the parties").

Next, even assuming that 3Commas' alleged solicitation of investors suffices for purposeful availment, the plaintiffs' claims for failure to safeguard their data do not arise out of those contacts.  *Cf. In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 480 F. Supp. 3d 1050, 1065–66 (N.D. Cal. 2020) (finding specific jurisdiction based on the defendant's solicitation of investors in the United States in a securities fraud case).

Lastly, relying on *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023), the plaintiffs contend personal jurisdiction in California exists because 3Commas' website resulted in sales of its service to California residents.  (Opp. at 19.)  However, the Ninth Circuit was clear in *Herbal Brands* that its holding in that case "answer[ed] only the narrow question whether a defendant's sale of a *physical product* to a consumer in the forum state via an interactive website constitutes conduct expressly aimed at a forum."  *Herbal Brands*, 72 F.4th at 1095 (emphasis added).  "If other internet activity is allegedly the source of personal jurisdiction, cases such as *Mavrix*, *AMA*, and *Will Co.* [will] continue to apply."  *Id.* (referring to *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011), *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020), and *Will Co. v. Lee*, 47 F.4th 917 (9th Cir. 2022)).  As this case does not involve the sale of a physical product, *Herbal Brands* does not govern.[1]

---

[1] *Mavrix*, *AMA*, and *Will Co.*, like *Herbal Brands*, all applied the purposeful direction test, often referred to as the "effects" test, derived from *Calder v. Jones*, 465 U.S. 783 (1984). Under that test, purposeful direction exists where requires the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

As the plaintiffs failed to carry their burden to show the first two requirements for specific jurisdiction, no personal jurisdiction over 3Commas in California exists, and the motion to dismiss on this basis is granted. As the Court cannot say that amendment would be futile at this time, and 3Commas does not argue otherwise, dismissal is with leave to amend. Given that personal jurisdiction is lacking, the Court declines to reach 3Commas' argument in the alternative that the case must be dismissed based on *forum non conveniens*.

Within **thirty days** from the date of this order, the plaintiffs shall file an amended complaint correcting the deficiencies identified in this order. If the plaintiffs do not file an amended complaint by that date, the complaint will remain dismissed, and the case will be closed. Responses to the amended complaint are due **twenty-one days** from the date of filing.

   **IT IS SO ORDERED.**

Dated: March 25, 2024

   RITA F. LIN
   United States District Judge

---

is likely to be suffered in the forum state. *Axiom Foods*, 874 F.3d at 1069. The plaintiffs do not address the application of this test in their opposition to the motion to dismiss. In any event, for the reasons noted earlier, the plaintiffs do not carry their burden to show "express aiming," which requires "something more" than the operation of an interactive website offering services for sale and requires "conduct directly targeting the forum." *Mavrix*, 647 F.3d at 1229.