UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FREEMAN, et al., | Case No.  23-cv-00101-RFL |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR JURISDICTIONAL DISCOVERY** |
| 3COMMAS TECHNOLOGIES OU, | Re: Dkt. Nos. 52, 55 |
| Defendant. | |

Plaintiffs filed an amended complaint ("FAC") against 3Commas Technologies OU, an Estonian company, following the dismissal of their initial complaint for lack of personal jurisdiction.  3Commas again moves to dismiss the operative complaint for lack of personal jurisdiction, and Plaintiffs move for jurisdictional discovery.  The motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**, and the motion for jurisdictional discovery is **DENIED**.  This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

*Motion to dismiss*.  The FAC largely repeats the same allegations as in the original complaint: (1) 3Commas sells its services to customers in California; (2) 3Commas solicited and received funding from venture capital firms in California; and (3) 3Commas contracts with businesses based in California, including for data server services.  As explained in the prior dismissal order, these contacts are insufficient to establish either purposeful direction or availment for specific personal jurisdiction.  *Freeman v. 3Commas Techs. OU*, No. 23-CV-00101-RFL, 2024 WL 1880147, at *2–3 (N.D. Cal. Mar. 25, 2024).

The FAC does assert a new basis for personal jurisdiction: 3Commas allegedly has a service agreement with San Francisco-based Cloudflare, Inc. for data server services, and that

1

agreement allegedly contains a forum selection and choice-of-law provision for California.  (Dkt. No. 49 ("FAC") ¶ 59.)  However, that 3Commas allegedly consented to personal jurisdiction in California in disputes with Cloudflare does not establish personal jurisdiction over this action brought by Plaintiffs, who are not alleged to be a party to the service agreement.  *See, e.g.*, *Melendez v. Vaiana*, No. EDCV162516JGB SPX, 2017 WL 8183139, at *3 (C.D. Cal., Oct. 19, 2017) ("Defendant's acceptance of Twitter's User Agreement may be sufficient to constitute Defendant's consent to personal jurisdiction in California for the purposes of a dispute between Defendant and Twitter, but it is not sufficient, without more, to allow the court to exercise personal jurisdiction over Defendant for a cause of action filed by Plaintiff."); *BackGrid USA, Inc. v. Modern Notoriety Inc.*, No. CV2103318RSWLPDX, 2021 WL 4772474, at *6 (C.D. Cal., Sept. 15, 2021 ("Defendant Castillo's acceptance of a third party's terms and conditions may be sufficient to establish his consent to personal jurisdiction in a dispute between Defendant Castillo and the third party, but it is alone insufficient to confer personal jurisdiction over Defendant Castillo in an action brought by Plaintiff").

Plaintiffs argue that the forum selection provision in the alleged agreement with Cloudflare is enforceable in this action to establish personal jurisdiction over 3Commas based on two theories: equitable estoppel and the "closely related" doctrine.[1]  Neither argument is availing.

Equitable estoppel does not apply because there is no evidence that 3Commas is attempting to rely on the terms of its contract with Cloudflare in this litigation.  The purpose of equitable estoppel is to "prevent[] a [party] from having it both ways by seeking to hold a non-signatory liable for obligations imposed by an agreement, while at the same time repudiating the [forum selection] clause of that very agreement."  *Goldman v. KPMG LLP*, 92 Cal. Rptr. 3d 534, 541 (Ct. App. 2009).  The doctrine of equitable estoppel applies "when a signatory must rely on

---

[1] Plaintiffs assert both theories under California law, to which 3Commas does not object.  As the Court is assessing the adequacy of Plaintiffs' theories, this analysis assumes the application of California law.

the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citing *Goldman*, 92 Cal. Rptr. 3d at 541) (cleaned up).  3Commas is the defendant, not the plaintiff, in this action, and has not asserted defenses that rely upon or are intertwined with its contract with Cloudflare.  Nor does the record indicate that 3Commas is likely to do so.  Indeed, 3Commas has taken the position that its agreement with Cloudflare is irrelevant to this litigation.  There is no basis to apply equitable estoppel.

Moreover, even if 3Commas could somehow be equitably estopped based on the nature of the claims that *Plaintiffs* have decided to assert, the FAC is not intimately founded in and intertwined with the terms of 3Commas' agreement with Cloudflare.  The claims are all based on 3Commas' alleged failure to adequately protect users' sensitive data.  Nothing in the FAC indicates that the claims would be affected if 3Commas had different terms in its agreement with Cloudflare or if 3Commas had used a different webhost like Amazon Web Services.  As such, Plaintiffs' claims are not "founded in or even tangentially related to any duty, obligation, term or condition imposed by" the 3Commas' contract with Cloudflare.  *Goldman*, 92 Cal. Rptr. 3d at 551; *see also Kramer*, 705 F.3d at 1128 (declining to apply equitable estoppel to the plaintiffs' claims against car manufacturer for an allegedly defective braking system based on the arbitration provision in the purchase agreement with the dealership, because "a consumer who purchased a vehicle with cash instead of credit would still state a claim for which relief could be granted, absent a Purchase Agreement").

As for their "closely related" doctrine argument, Plaintiffs rely upon the Ninth Circuit's statement in *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450 (9th Cir. 2007), that "where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'"  *Id.* at 456 (quoting *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)).  That applies where the non-signatory's

claims arise from and "require interpretation of the contract" containing the forum selection clause, *Manetti-Farrow*, 858 F.2d at 514, or where the signatory's contractual rights at issue in the litigation were derivative of the rights of the non-signatory, *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013).  Neither 3Commas' defenses nor Plaintiffs' claims arise from or require interpretation of the terms of 3Commas' contract with Cloudflare.  Nor are Plaintiffs' claims derivative of rights in that contract, as explained above.

*Holland America* provides an instructive contrast.  There, the plaintiff sued a surveyor, Bureau Veritas, for its allegedly faulty inspection of a ship that sank.  The court held that the plaintiff could not avoid the forum selection clause in its inspection contract with Bureau Veritas by also suing non-signatory related entities BV Canada (which took the telephone order for the inspection) and BVNA (which received an email with the contract for the inspection).  The plaintiff's interactions with BV Canada and BVNA "took place as part of [its] larger contractual relationship with Bureau Veritas," which was the basis for Plaintiffs' claims against all three entities.  485 F.3d at 456.  Here, the FAC does not allege that Plaintiffs had a contractual relationship with Cloudflare or that their claims against 3Commas derive from that.  Nor is there any allegation that 3Commas is under common ownership with Cloudflare or otherwise closely related to it.  All the FAC alleges is a relationship between a vendor and purchaser.

Therefore, the motion to dismiss for lack of personal jurisdiction is granted.  Dismissal is without leave to amend, as Plaintiffs have already had an opportunity to add factual allegations to support personal jurisdiction.

***Motion for jurisdictional discovery.***  Plaintiffs' motion for jurisdictional discovery is denied.  Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  But "a mere hunch that discovery might yield jurisdictional facts" does not suffice. *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2022) (cleaned up).  Plaintiffs do not make the necessary showing to justify jurisdictional discovery.

Plaintiffs request discovery regarding (1) the precise terms of 3Commas' agreement with Cloudflare; (2) the extent and breadth of 3Commas's solicitation of California investors and customers; (3) 3Commas' targeting of any marketing or advertising to California, including with respect to messaging regarding the data breach; and (4) the extent of financial assets attributable to 3Commas's consumers.  In light of the deficiencies with Plaintiffs' theories of personal jurisdiction described above and in the prior dismissal order, Plaintiffs have not presented a colorable basis for jurisdiction, and they have not shown how the requested discovery would change the jurisdictional outcome.  Accordingly, the Court declines to order jurisdictional discovery.

*Conclusion.*  Based on the foregoing, Plaintiff's motion for jurisdictional discovery is denied, and 3Commas' motion to dismiss for lack of personal jurisdiction is granted without leave to amend.  The FAC is dismissed without prejudice.  The Clerk of the Court is directed to enter judgment in favor of 3Commas accordingly and to close the case.

**IT IS SO ORDERED.**

Dated: September 3, 2024

RITA F. LIN
United States District Judge